UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

TERRENCE JAMES,

                Plaintiff,

      v.

LT. BRADLY, South Port C.F.,

                Defendant.

_____

**DECISION AND ORDER**

6:16-CV-06285 EAW

## INTRODUCTION

Plaintiff Terrence James ("Plaintiff"), proceeding *pro se*, is an inmate currently housed at the Gouverneur Correctional Facility ("Gouverneur"). Plaintiff brings the instant action pursuant to 42 U.S.C. § 1983 alleging that defendant Lt. Bradley[1] ("Defendant") violated his procedural due process rights. (Dkt. 24). Presently before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 25). For the reasons that follow, Defendant's motion is granted.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint (Dkt. 1), Plaintiff's Amended Complaint (Dkt. 24), and the documents incorporated by reference. As is required at this stage of the proceedings, the Court treats Plaintiff's allegations as true. The Court also takes judicial notice of the record from the administrative hearing at issue, *see,*

_____

[1]     Defendant's name is incorrectly spelled in the caption.

- 1 -

*e.g., Joseph v. Marche*, No. 17-CV-6509-FPG, 2019 WL 1172382, at *2 n.2 (W.D.N.Y. Mar. 13, 2019) (taking judicial notice of the record of a state prisoner disciplinary hearing when deciding a 12(b)(6) motion); *Thomas v. Westchester Cty. Heath Care Corp.*, 232 F. Supp. 2d 273, 276 (S.D.N.Y. 2002) ("[T]he Court may take judicial notice of the records of state administrative procedures, as these are public records, without converting a motion to dismiss to one for summary judgment." (quotation omitted)), and of the Article 78 New York state court filings related to the instant matter, *see Pacherille v. Burns*, No. 3:13-cv-789 (GLS/DEP), 2014 WL 3040420, at *1 (N.D.N.Y. July 3, 2014) ("A court may take judicial notice of matters of public record, including . . . decisions in prior state court." (quoting *Johnson v. Pugh*, No. 11-CV-385, 2013 WL 3013661, at *2 (E.D.N.Y. June 18, 2013))); *Weizmann Inst. of Sci. v. Neschis*, 229 F. Supp. 2d 234, 247 n.20 (S.D.N.Y. 2002) (taking judicial notice of documents filed in New York state court when deciding a 12(b)(6) motion).

On March 3, 2014, Plaintiff was incarcerated at the Great Meadow Correctional Facility ("Great Meadow"). (Dkt. 1 at 3). At approximately 11:00 a.m., he was removed from the mess hall line and pat-frisked by a corrections officer. (Dkt. 25-1 at 36). During the pat frisk, the corrections officer felt a lump in Plaintiff's pants near his buttocks. (*Id.*). Plaintiff was then placed in wrist restraints and escorted to an interview room. (*Id.*). The corrections officer conducted a strip search, but when he instructed Plaintiff to lean against the wall and separate his buttocks, Plaintiff pushed off the wall and attempted to retrieve an object from his anus. (*Id.*). The corrections officer used force to restrain Plaintiff and noticed something had fallen from Plaintiff's buttocks onto the floor—two plastic bags that

contained a leafy green substance. (*Id.*). The corrections officer turned the substance over for testing, and it was confirmed to be 23.4 grams of marijuana. (*Id.*).

Plaintiff was admitted to a hospital drug unit at 12:04 p.m. on March 3, 2014, and it was determined that he had suffered no injuries from the officer's use of force. (*Id.* at 25, 61-62). Sergeant Woodruff ordered that a urinalysis drug exam be performed on Plaintiff. (*Id.* at 92). At 6:40 a.m. on March 4, 2014, Officer Gebo went to Urinalysis DW Room 1 and took a urinalysis sample from Plaintiff. (*Id.* at 26). Plaintiff was then escorted from the hospital unit to a Special Housing Unit ("SHU") cell at 7:47 a.m. that same morning. (*Id.* at 27; Dkt. 1 at 3). On April 8, 2014, the urine sample was tested twice, both times returning a positive result for cannabinoids. (Dkt. 25-1 at 65).

On April 9, 2014, after Plaintiff was transferred to the Southport Correctional Facility ("Southport"), he received an inmate misbehavior report from Great Meadow charging him with using a controlled substance in violation of Rule 113.24. (Dkt. 24 at 1). On April 18, 2014, Defendant conducted a Tier III hearing regarding the misbehavior report. (*Id.*). During the hearing, Plaintiff argued that the sample was not taken from him because it was taken from the inmate housed in E-7-27, and he was not in that cell at the time the sample was collected. (Dkt. 25-1 at 66). Defendant found Plaintiff guilty of drug use, and imposed a sentence of eight months confinement in the SHU, as well as eight months loss of packages, headphones, commissary, phones, and visits. (*Id.* at 70-71).

Plaintiff administratively appealed Defendant's decision on April 21, 2014. (Dkt. 24 at 2). On June 30, 2014, Defendant's sentence was modified, reducing his time in the SHU to four months instead of eight. (*Id.*; Dkt. 25-1 at 111).

On July 30, 2014, Plaintiff filed an Article 78 Motion in the New York State Supreme Court, Albany County challenging the hearing determination. (Dkt. 24 at 2). On January 9, 2015, the petition was dismissed on procedural grounds, and on February 19, 2015, Plaintiff re-filed and served an amended petition pursuant to the state court's instruction. (*Id.*). Defendant moved to dismiss the petition or in the alternative transfer it to the New York State Supreme Court, Appellate Division, Third Department. (*Id.*). On May 14, 2015, the Supreme Court issued an order of transfer. (*Id.*).

Sometime between when the case was transferred to the Appellate Division and November 27, 2015, Plaintiff's hearing determination was administratively reversed, and all references to the hearing were expunged from his institutional record. (*Id.* at 2-3); *James v. Prack*, 137 A.D.3d 1390, 1391 (3d Dep't 2016). Plaintiff had been confined in the SHU for 123 days. (Dkt. 24 at 3). On November 27, 2015, Defendant requested that the Article 78 proceeding be dismissed as moot (Dkt. 24 at 2), and the Appellate Division accordingly dismissed the state court proceeding on March 10, 2016. *Prack*, 137 A.D.3d at 1391.

Plaintiff filed the instant lawsuit on May 4, 2016. (Dkt. 1). On May 14, 2018, the Court granted Plaintiff *in forma pauperis* status and, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, dismissed all of Plaintiff's claims except his procedural due process claim against Defendant. (Dkt. 14). On July 27, 2018, Plaintiff filed the Amended Complaint. (Dkt. 24).

On August 20, 2018, Defendant filed the motion to dismiss presently before the Court (Dkt. 25), to which Plaintiff responded on September 17, 2018 (Dkt. 27).

# DISCUSSION

## I. Legal Standard

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 2279 (2017). To withstand dismissal, a claimant must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen*

v. *AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

II. <u>Motion to Dismiss</u>

Plaintiff claims that his procedural due process rights were violated by Defendant during the disciplinary hearing because Defendant ignored evidence showing the urine sample was obtained from a different prisoner. (Dkt. 24 at 2). The Court dismisses Plaintiff's claim for the reasons that follow.

The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1. "Although prison inmates necessarily have their liberty severely curtailed while incarcerated, they are nevertheless entitled to certain procedural protections when disciplinary actions subject them to further liberty deprivations such as loss of good-time credit or special confinement that imposes an atypical hardship." *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004). "[D]ue process requires 'that there be some evidence to support the findings made in the disciplinary hearing.'" *Zavaro v. Coughlin*, 970 F.2d 1148, 1152 (2d Cir. 1992). "This standard is extremely tolerant and is satisfied if 'there is *any* evidence in the record that supports' the disciplinary ruling." *Sira*, 380 F.3d at 69 (quoting *Friedl v. City of New York*, 210 F.3d 79, 85 (2d Cir. 2000)).

The Court finds the hearing record contains some evidence from which Defendant could have found that Plaintiff was guilty of using drugs. The record contains a copy of the logbook for the observation area of the second floor of the hospital. (Dkt. 25-1 at 20, 25-27). The logbook notes that Plaintiff was admitted to the hospital drug unit at

12:04 p.m. on March 3, 2014, that Officer Gebo went to Urinalysis DW Room 1 and took a urine sample from Plaintiff at 6:40 a.m. on March 4, 2014, and that Plaintiff was escorted from the unit at 7:47 a.m. that same morning. (*Id.* at 25-27). Defendant discussed these logbook entries with Plaintiff at his disciplinary hearing. (*Id.* at 66). Additionally, the record also contains the Request for Urinalysis form filled out by Officer Gebo, which notes that he told Plaintiff the underlying reason he was ordered to submit a urine specimen was "suspicion," that Officer Gebo witnessed and obtained the specimen, and that the inmate did not claim to be unable to submit the specimen in the presence of others. (*Id.* at 92). Moreover, Plaintiff's urine sample was tested twice, both times returning a positive result for cannabinoids, (*id.* at 65); *see, e.g., Rivera v. Wohlrab*, 232 F. Supp. 117, 124 (S.D.N.Y. 2002) ("[D]rug test results are considered valid evidence on which to base a disciplinary decision."), and marijuana was found in Plaintiff's anus the day before the urine sample was taken (*id.* at 36).

Plaintiff alleges his due process rights were violated because some documents in the hearing record allegedly show that Officer Gebo got the urine from whoever was residing in cell E-7-27, and that Officer Gebo took the urine sample from a pan placed outside Plaintiff's hospital room without having Plaintiff urinate into a sample cup for the urinalysis test. (Dkt. 24 at 1; Dkt. 27 at 3-4). Even taking Plaintiff's allegations as true, the Court is not persuaded by Plaintiff's contentions. The logbook entries, the positive urinalysis test results, and the finding of marijuana in Plaintiff's anus the day before the urinalysis test more than satisfy the requirement that there be some evidence from which Defendant could have determined Plaintiff was guilty of using a controlled substance. *See*

*Sira*, 380 F.3d at 76 ("Judicial review of this 'some evidence' standard is narrowly focused.... [I]t 'does not require examination of the entire record [or] independent assessment of the credibility of witnesses[.]'" (quoting *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985))).

Additionally, Plaintiff's reliance on the "Request for Urinalysis" form filled out by Sergeant Woodruff and Officer Gebo is misplaced. (Dkt. 24 at 2; Dkt. 25-1 at 92). While the portion of the form where Sergeant Woodruff requests that the test be performed lists Plaintiff's cell as E-7-27, the part of the form filled out by Officer Gebo does not state where he went to take the sample, let alone that he went to cell E-7-27. (Dkt. 25-1 at 92). Moreover, the form notes that Officer Gebo told Plaintiff the underlying reason he was ordered to submit a urine specimen, that Officer Gebo witnessed and obtained the specimen, and that Plaintiff did not claim to be unable to submit the specimen in the presence of others. (*Id.*); *see Superintendent*, 472 U.S. at 455-56 ("Ascertaining whether [the some evidence] standard is satisfied does not require ... weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [prison] disciplinary board.").

Although the state case was transferred to the New York Appellate Division, and not dismissed until Plaintiff's hearing determination was ultimately reversed, *see Prack*, 137 A.D.3d at 1391, such circumstances do not alter the Court's analysis. New York state courts require that the evidence supporting a prisoner disciplinary determination be "sufficiently relevant and probative to constitute substantial evidence." *Foster v. Coughlin*, 76 N.Y.2d 964, 966 (1990) (quotation and citation omitted). Such a standard is stricter

than the "some evidence" standard used to analyze prisoner procedural due process claims under federal law. *See Sira*, 380 F.3d at 76 n.9 (finding the state substantial evidence requirement is sterner than the "some evidence" due process standard, and that consequently the reversal of the disciplinary ruling does not automatically establish a federal claim); *Johnson v. Goord*, 487 F. Supp. 2d 377, 382 n.1 (S.D.N.Y. 2007) (same), *aff'd* 305 F. App'x 815 (2d Cir. 2009). As discussed above, the record before Defendant was more than enough to satisfy the "some evidence" standard. Accordingly, the Court finds that Plaintiff has not properly alleged, nor could he allege, a claim that Defendant violated his procedural due process rights.

## CONCLUSION

For the forgoing reasons, Defendant's motion to dismiss (Dkt. 25) is granted. The Clerk of Court is directed to enter judgment in favor of Defendant and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: March 25, 2019
      Rochester, New York